**ROBERTS & KEHAGIARAS LLP**
CAMERON W. ROBERTS (State Bar No. 176682)
cwr@tradeandcargo.com
THEODORE H. ADKINSON (State Bar No. 167350)
tha@tradeandcargo.com
One World Trade Center, Suite 2350
Long Beach, CA 90802
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for plaintiff
TRANSFAIR NORTH AMERICA INTERNATIONAL FREIGHT
SERVICES, LLC, dba TRANSGROUP INTERNATIONAL

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSFAIR NORTH AMERICA INTERNATIONAL FREIGHT SERVICES, LLC, dba TRANSGROUP INTERNATIONAL,<br><br>Plaintiff,<br><br>vs.<br><br>NATURALENA BRANDS INC.,<br><br>Defendant. | Case No. 3:18-cv-151<br><br>**COMPLAINT** |

COMPLAINT

COMES NOW plaintiff Transfair North America International Freight Services, LLC, dba Transgroup International ("Transgroup"), and alleges:

**PARTIES**

1. Transgroup is a Washington corporation, duly organized and existing according to law. Transgroup is a domestic and international freight forwarder, logistics provider and warehouse operator.

2. Transgroup is informed and believes, and thereon alleges, that defendant Naturalena Brands Inc. ("Naturalena") is, and at all material times was, a Nevada corporation, duly organized and existing according to law, and was engaged in the business of shipping products for purchase and/or sale within this judicial district.

**JURISDICTION AND VENUE**

3. This action is a civil action over which the Court has original jurisdiction under 28 U.S.C. section 1332 because this action arises out of claims between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district. 28 U.S.C. §§ 1391(b)(2).

# GENERAL ALLEGATIONS

5. On or before May 13, 2016, Transgroup provided services to Naturalena in connection with transportation and warehouse storage of cargo. Transgroup currently has possession of Naturalena-owned cargo stored in warehouses worldwide, including in San Francisco (the "Warehouse Cargo").

6. Transgroup billed a total of $578,644.38 for ocean, air, domestic and warehouse services provided to Naturalena. A true and correct copy of the statement summarizing the charges is attached as Exhibit "A" and incorporated herein by this reference.

7. Naturalena has failed to pay Transgroup the balance due of $578,644.38. Naturalena has not provided reasonable commercial assurances or committed to a payment plan.

8. Therefore, Transgroup is entitled to payment of the balance due of $578,644.38 without offset or other deduction.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

9. Transgroup re-alleges the allegations set forth in paragraphs 1 through 8 above.

10. Naturalena received services from Transgroup. The services were provided in accordance with Transgroup's invoices and the Terms and Conditions of Service contained therein. A true and correct copy of the terms and conditions are attached as Exhibit "B" and incorporated

herein by this reference.

11. The invoices state that interest will accrue on any charges which are not paid within thirty (30) days of the date of the invoice at the rate of eighteen (18) percent per year.

12. The invoices state that Naturalena shall pay the expenses of collection and/or litigation, including reasonable attorneys' fees.

13. In addition, the invoices state that Transgroup shall have a general lien and rights to sell Naturalena's property:

> 14. General Lien and Rights To Sell Customer's Property. (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession, or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or

private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

14.  Naturalena failed to pay sums due and owing for services provided in a timely fashion and such sums now remain due, owing and unpaid in the amount of $578,644.38 plus costs, interest and attorneys' fees of not less than $3,000.

## SECOND CAUSE OF ACTION
## OPEN BOOK ACCOUNT

15.  Transgroup re-alleges the allegations set forth in paragraphs 1 through 14 above.

16.  Within the last four years, Naturalena became indebted to Transgroup on an open book account for money due in the sum of $578,644.38.

17.  The sum of $578,644.38, which is the reasonable value, is due and unpaid despite Transgroup's demand, plus interest at the rate of eighteen (18) percent per year.

## THIRD CAUSE OF ACTION
## ACCOUNT STATED

18.  Transgroup re-alleges the allegations set forth in paragraphs 1 through 17 above.

19.  In the last four years Naturalena became indebted to Transgroup because an account was stated in writing by and between

Transgroup and Naturalena in which it was agreed that Naturalena was indebted to Transgroup.

20. The sum of $578,644.38, which is the reasonable value, is due and unpaid despite Transgroup's demand, plus interest at the rate of eighteen (18) percent per year.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF

21. Transgroup re-alleges the allegations set forth in paragraphs 1 through 20 above.

22. A present and actual controversy within the jurisdiction of the Court exists between Transgroup and Naturalena concerning unpaid invoices in the sum of $578,644.38.

23. Transgroup seeks a declaration from this Court that based upon Naturalena's failure to pay invoices in the sum of $578,644.38 and Transgroup's lien rights that Transgroup is entitled to lien sale the Warehouse Cargo within the jurisdiction of this court, the Northern District of California, and any other federal district court, including but not limited to, the Northern District of Illinois, District of New Jersey, Hong Kong Special Administrative Region of the People's Republic of China, People's Republic of China, and Ontario, Canada, and to apply all proceeds from the lien sale of any Warehouse Cargo to the amount owed by Naturalena to Transgroup, $578,644.38, and any attorney's fees and all costs to conduct the lien sale of the Warehouse Cargo.

23. Transgroup seeks a declaration from this Court that Transgroup's lien takes priority over any other liens that may or may not exist on the Warehouse Cargo.

24. Adjudication of this controversy by this Court would definitively resolve it.

## PRAYER FOR RELIEF

WHEREFORE, Transgroup prays that the court:

1. Award judgment in favor of Transgroup and against Naturalena for the principal sum of $578,644.38;

2. Award prejudgment interest in an amount according to proof at trial;

3. Award attorneys' fees, court costs, investigation costs, and other costs of suit incurred in this action and the lien sale of the Warehouse Cargo;

4. Issue a declaratory order that Transgroup is entitled to lien sale the Warehouse Cargo and to apply all proceeds from the lien sale to the amount owed by Naturalena to Transgroup, $578,644.38;

5. Issue a declaratory order that Transgroup's liens take priority over any other liens that may or may not exist on the Warehouse Cargo; and

6. Award such other relief as the court deems just and proper.

Dated: January 8, 2018            **ROBERTS & KEHAGIARAS LLP**

                                  By:   **s/Cameron W. Roberts**
                                        Cameron W. Roberts
                                        Attorneys for plaintiff
                                        TRANSFAIR NORTH AMERICA
                                        INTERNATIONAL FREIGHT
                                        SERVICES, LLC, dba
                                        TRANSGROUP INTERNATIONAL